# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Eric Abasta,

        Plaintiff,

vs.

Cavender, et al.,

        Defendants.

Case No. 2:24-cv-01413-GMN-MDC

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 18)**

Plaintiff Eric Abasta filed a *Motion for Appointment of Counsel* ("Motion"). *ECF No. 18*. The Court DENIES the Motion.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The Court has already denied plaintiff's request for an appointment of counsel. *ECF No. 7*. Plaintiff does not demonstrate any changed circumstances since the Court's previous order. Plaintiff argues that he has no understanding of any papers he receives from the Court in this case. *ECF No. 18 at 3*. He also argues that he has no access to legal advice. *Id. at 4*. As the Court previously found, plaintiff has not shown exceptional circumstances here that warrant appointment of counsel. *ECF No. 7 at 7-8*. The Court also previously noted that stating a case is complicated, as plaintiff insinuates in this instant

motion, is not sufficient because it is a common claim that inmates make. *Id. at 7, citing cases.* The Court thus denies the Motion.

ACCORDINGLY,

**IT IS SO ORDERED** that plaintiff's *Motion for Appointment of Counsel* (ECF No. 18) is DENIED.

DATE: August 15, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.